**M. H. RENKEN DAIRY CO., Plaintiff,**

v.

**Ezra Taft BENSON, Secretary of Agriculture of the United States, Defendant.**

**Civ. No. 16034.**

United States District Court
E. D. New York.
Aug. 18, 1958.

Harry Polikoff, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for defendant, by John M. Durbin, Washington, D. C.

ZAVATT, District Judge.

This is a bill in equity pursuant to 7 U.S.C.A. § 608c(15) (B) by the plaintiff, M. H. Renken Dairy Co. to review a ruling of the Secretary of Agriculture under Section 8c(15) (A) of the Agricultural Adjustment Act (1933) as reenacted and amended by the Agricultural Marketing Agreement Act of 1937 and subsequent amendments (7 U.S.C.A. § 601 et seq.). The plaintiff and the defendant, Ezra Taft Benson, the Secretary of Agriculture, have filed cross motions for summary judgment.

The Secretary of Agriculture by his Judicial Officer, determined that the plaintiff was not entitled to be paid the sum of $10,222.22 from the producer settlement fund under Order No. 27, as amended, regulating the handling of milk in the New York marketing area, for payments made by plaintiff to producers of milk during the month of March, 1949. This determination is grounded upon the conclusion that the plaintiff's Frankfort, New York, plant "was not approved on June 15, 1948, by a health authority for the marketing area as a source of milk for the marketing area within the meaning of section 927.3(a) (4) (ii) of Order No. 27". Resolution of the cross-motions for summary judgment turns upon a determination of whether such conclusion is in accordance with law. 7 U.S.C.A. § 608c (15) (B). I am of the view that with regard to the question of approval by Nassau County, New York, the conclusion of the Judicial Officer is so in conflict with the substantial evidence as to be not in accordance with law.

On January 1, 1948, a permit was issued to the plaintiff by the Nassau County Department of Health to sell the grades of milk and cream and milk products specified therein, "which have been received only from the sources listed on the reverse side or from new sources to be approved". The name of plaintiff's Frankfort plant appears with the names of other Renken plants on the reverse side of the permit under the heading,

"Names and addresses of all producers [1] from whom milk or cream is secured".

The Judicial Officer concluded that the listing of the Frankfort plant "appears to have been of no particular significance" since Nassau County "looked to New York City to police *or to approve* the sources of milk for the Brooklyn plant" (through which all milk from Frankfort was required to pass under the permit to, be pasteurized and packaged prior to distribution in Nassau County). (Emphasis supplied.) But the substantial evidence is to the effect that Nassau County health authorities relied upon the *inspections* of the Frankfort plant conducted by the New York City health authorities, as they were permitted to do by the New York State Sanitary Code, and on the basis of such inspections, granted their approval of the Frankfort plant as a source of milk for Nassau County.[2] In reaching this conclusion, I am not substituting my judgment for that of the Judicial Officer. This is, rather, a determination that the conclusion of the Judicial Officer is not a permissible one from the facts in the record. A conclusion that the Frankfort plant was an approved source of milk for Nassau County, at the time in question is the only one which may logically and legally be drawn from the record made. Despite the fact that in granting the permit Nassau County health authorities relied completely upon the favorable results of inspections conducted by New York City health authorities, the permit granted to Renken by Nassau County, and the County's approval of the Frankfort plant were separate from, and in addition to, the permit granted the Frankfort plant by New York City. There is no evidence to support the conclusion of the Judicial Officer that any approval of the Frankfort plant by Nassau County health authorities "was at most indirect, derivative, and contingent upon continued approval of the Frankfort plant by the New York City health authorities". Furthermore, it is immaterial that disapproval by New York City authorities in fact automatically cut off the Frankfort plant as a source of milk for the Brooklyn plant, and thus made milk from the Frankfort plant unavailable in Nassau County. Order No. 27 requires approval of a source of milk for the marketing area and does not speak in terms of shipment into the marketing area.

The Market Administrator erroneously advised Renken that the pool plant designation of its Frankport plant would be automatically cancelled on August 1, 1948, and the Judicial Officer's determination that the plaintiff is not entitled to the $10,222.22 sought is not in accordance with law. The proceedings will be remanded to the Secretary of Agriculture with directions to rule that the plaintiff is entitled to the sum of $10,-222.22. It is unnecessary to rule upon

---

1. Witness Philbrick, Senior Sanitarian of the Nassau County Department of Health, testified that the names of Renken's milk *plants* are listed on the reverse side of the permit, rather than the names and addresses of *producers*, because each plant has several hundred producers who bring milk thereto, where it is weighed and cooled and loaded into trucks. The witness stated that the producers change from time to time, and that the health authority is interested in the *plants*, which maintain up-to-date lists of producers which are available at all times.

2. Chapter 3, Regulation 5, of the New York State Sanitary Code, provided that before a permit for the sale of milk and/or cream is issued or renewed, the health officer of the municipality in which such milk is to be sold shall "cause an inspection to be made * * * of every plant in which it is to be received, bottled, pasteurized, or otherwise handled." The health officer, may, in his discretion, accept and use in connection with the issuance of a permit, the reports of the health officer of another municipality with reference to inspections.

The New York State Sanitary Code was offered as evidence by the plaintiff in the proceeding before the hearing officer. It was excluded on the stated ground that it was irrelevant and immaterial. This ruling was both erroneous and prejudicial to the plaintiff. The pertinent provision of the Code was, however, alluded to in Exhibit 13.

the plaintiff's claims regarding the validity of sections 927.3(a) (2) (i) and 927.3(a) (4) (ii) of Order No. 27, and decision thereon is specifically reserved.

 The plaintiff claims interest on the sum of $10,222.22, and on the sum of $16,445.10, the amount of a compensatory payment for which the plaintiff was billed, and which it made under section 927.9(h) of Order No. 27, in connection with milk from the Frankfort plant which moved into the marketing area in March, 1949. The plaintiff was reimbursed as to the latter sum on April 15, 1954. The Judicial Officer denied interest thereon to that date, upon the ground, inter alia, that "the $16,445.10 when debited to the petitioner became part of the producer settlement fund which is cleared monthly and the credit of this amount to the petitioner's account was made out of the producer settlement fund. *The fund does not earn interest*". (Emphasis supplied.) The plaintiff alleges in its complaint that the Market Administrator receives interest on administration funds collected by him, and has submitted the affidavit of its attorney to this effect. The defendant has not submitted an answering affidavit, but in its brief alleges that the funds received by the Market Administrator are not held long enough to draw interest. The plaintiff claims that interest is "payable out of interest received or to be received on any funds held under Order No. 27 by the Market Administrator, for receipt and disposition of which interest there is no requirement in Order No. 27 or in any prior order of court" (Letter forwarded to the Court by plaintiff's attorney dated April 21, 1958), but does not suggest the existence of any other source of funds from which interest may be paid.

Both the statute and the order are silent with regard to interest on monies ordered to be repaid in a proceeding of this type. There is nothing in the record bearing upon the existence of a fund from which interest may be paid, the first mention of interest in the administrative proceeding coming in the form of a request submitted to the hearing officer at the conclusion thereof. I must conclude that the record which has been presented to this Court is insufficient to establish that the determination of the Judicial Officer that plaintiff is not entitled to interest is not in accordance with law. The claim for interest on the two sums will be disallowed.

Counsel for the plaintiff will settle judgment on notice.